IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH, by and through his next friend, SALIH MUHAMMAD AL-BAHOOTH,[1]  )<br><br>Petitioners,  )<br><br>v.  )<br><br>GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER,  )<br><br>Respondents.  ) | No. 1:05 CV 01666 (ESH) |

**PETITIONER'S LIMITED OPPOSITION TO
RESPONDENTS' MOTION TO STAY PROCEEDINGS**

Petitioner Ziyad bin Salih bin Muhammad Al-Bahooth ("Petitioner"), together with his Next Friend Salih Muhammad Al-Bahooth, by their counsel, agree to the stay requested by Respondents, but respectfully request that any stay of proceedings be conditioned upon Respondents' (1) providing a factual return within 30 days or some other reasonable time; (2) preserving all evidence, documents, and information relating to Petitioner's case; and (3) providing 30 days' advance notice of any transfer of Petitioner from Guantánamo Bay, Cuba. Petitioner requests this relief in three motions filed concurrently with this memorandum: the Motion for an Order to Show Cause (the "Factual Return Motion"); the Motion for Preservation Order (the "Preservation Motion"); and the Motion for Order Requiring Respondents to Provide

---

[1] Petitioners' names were previously misspelled "Zeiad Saleh Al Bahooth" and "Salehe Mohammed Al Bahooth," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed an unopposed motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

the Court and Counsel for Petitioner with 30 Days' Advance Notice of any Removal of Petitioner from Guantánamo (the "Transfer Notice Motion").

In an attempt to save the resources of the parties and this Court, and in accordance with LCvR 7(m), Petitioner's counsel conferred with Respondents' counsel regarding Petitioner's requests for a factual return, a preservation order, and advance notice of the transfer of Petitioner. Respondents' counsel rejected these requests. As discussed below, and in more detail in the Motions and supporting memoranda, these three requests have been approved by numerous judges of this Court in similar cases.

First, Petitioner requests that Respondents provide him with a factual return describing Respondents' basis for detaining Petitioner for approximately four years. Petitioner filed and served his Petition for Writ of *Habeas Corpus* on August 22, 2005. To date, Respondents have not provided Petitioner with a factual return, even though the factual returns are based on the Combatant Status Review Tribunal proceedings, which apparently were completed for all Guantánamo detainees before January 31, 2005. *See* "U.S. Says 3 at Guantánamo Not Enemy Combatants," *Reuters*, Feb. 3, 2005 (quoting Pentagon spokesman Lt. Cmdr. Daryl Borgquist). As Judge Bates has said, the factual return is necessary because "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Al-Anazi v. Bush*, No. 05-345, 370 F. Supp. 2d 188, 199-200 (D.D.C. Apr. 21, 2005). As discussed in the Factual Return Motion and the accompanying memorandum of law, nine judges of this District in at least 26 similar detainee cases have already ordered Respondents to provide factual returns.

Second, Petitioner requests that Respondents preserve all evidence relating to Petitioner and his case. At this time, Petitioner does not seek discovery from Respondents other than the

2

factual return.  Rather, Petitioner merely requests that this information be preserved.  As discussed in the Preservation Motion, when faced with similar motions in 16 detainee cases, six judges of this District have either issued preservation orders or held that the Respondents were already obliged to preserve the evidence.

Third, Petitioner requests 30 days' advance notice of Respondents' intent to remove Petitioner from Guantánamo.  If Petitioner were transferred from Guantánamo to a foreign country, he could be detained indefinitely or tortured.  In addition, such a transfer could deprive this Court of jurisdiction over Petitioner's *habeas* claims.  Therefore, consistent with the decisions of six judges in 25 similar cases pending in this District, Petitioner requests that Respondents be ordered to provide advance notice to the Court and Petitioner's counsel of any intent to remove Petitioner from Guantánamo.

In addition to the foregoing, Petitioner requests that any stay order permit him to seek emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified.  *See Abdullah v. Bush*, 2005 U.S. Dist. LEXIS 21283, at *3-4 (D.D.C. Mar. 16, 2005) (Roberts, J.).  Respondents' Motion to Stay Proceedings (at page 3) states that Respondents "do not intend . . . to block counsel access to" their clients or to preclude future challenges to the terms of the protective orders governing the procedures for counsel's access to detainees and the handling of classified documents in this case.

"Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties."  *Al-Oshan v. Bush*, No. 05-520

(RWR), at 2 (D.D.C. Mar. 31, 2005). In this case, the Court should condition the stay of proceedings on Respondents' compliance with the requests described above. As Judge Roberts has explained,

> A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties . . . . A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit . . . has been stayed pending appeal . . . . Where, as here, the condition [*i.e.*, advance notice of transfer] imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion.

*Ahmed v. Bush*, 2005 U.S. Dist. LEXIS 14024, at *2-3 (D.D.C. July 8, 2005) (citations omitted). In this case, complying with Petitioner's requests would be neither burdensome nor unexpected, and such compliance is necessary in order to preserve the status quo and protect Petitioner from prejudice during the pendency of the related appeals. Imposition of these conditions also would assure that this Petitioner is treated on an equal basis with other petitioners who have obtained the requested relief.

Petitioner also agrees to Respondents' request that the Court enter in this case three orders entered in *In re Guantánamo Bay Detainee Cases*, No. 02-0299, *et al.*: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004; (2) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004; and (3) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (the "Procedural Orders," attached as Exhibits A, B, and C to Respondents' Motion to Stay Proceedings).

For all the reasons set forth above and in the Factual Return Motion, the Preservation Motion, and the Transfer Notice Motion, Petitioner respectfully asks the Court to order, as a condition of the stay requested by Respondents, that Respondents:

(a) File and serve a factual return within 30 days or some other reasonable time after the stay is ordered;

(b) Preserve all evidence, documents, and information relating to Petitioner and his case; and

(c) Provide the Court and counsel for Petitioner with 30 days' advance notice of any transfer of Petitioner from Guantánamo Bay, Cuba.

Petitioner further requests that the Court enter the Procedural Orders in this case and clarify that the stay of proceedings will not prevent Petitioner from seeking emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified.

Respectfully submitted,

\_\_\_\_/s/ Daniel Mach_____       Dated: November 18, 2005
One of the Attorneys for Petitioner

Thomas P. Sullivan                           Daniel Mach (Admitted in D.D.C.)
Jeffrey D. Colman                            JENNER & BLOCK LLP
David J. Bradford                            601 Thirteenth Street, N.W., Suite 1200
Patricia A. Bronte                           Washington, D.C. 20005-3823
Wade A. Thomson                              Tel: (202) 639-6000
Maya D. Nath                                 Fax: (202) 639-6066
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611

5

Tel: (312) 923-9350
Fax: (312) 527-0484

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

**CERTIFICATE OF SERVICE**

    I hereby certify that true and correct copies of the Motion for an Order to Show Cause, Petitioner's Memorandum of Law in Support of Motion for an Order to Show Cause, and the Draft Order to Show Cause were served upon the following person by e-mail on the 18th day of November, 2005, and by First Class U.S. Mail on the 19th day of November, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

                                               _____/s/ Daniel Mach_____
                                                       Daniel Mach