IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD ) <br> AL-BAHOOTH, by and through his next friend, ) <br> SALIH MUHAMMAD AL-BAHOOTH, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> President of the United States, *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action Nos. 05-CV-1666 (ESH) |

**RESPONDENTS' OPPOSITION TO
PETITIONERS' MOTION FOR PRESERVATION ORDER**

Respondents hereby respond to petitioners' motion for preservation order, filed with court on November 18, 2005. Petitioners have failed to demonstrate the applicable prerequisites for a preservation order, and the motion should be denied.

**ARGUMENT**

Petitioners argue that a preservation order is needed under the two-prong test espoused by Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004). While Pueblo of Laguna does not supply the appropriate standard for entry of a preservation order, even under that test a preservation order is not warranted in this case.

The weight of authority is that the four requirements for issuance of an injunction – (1) irreparable injury, (2) substantial likelihood of success on the merits with respect to the requested relief, (3) lack of injury to other interested parties, and (4) furtherance of the public interest – must be satisfied before a preservation order may issue. See Battayav v. Bush, No. 05-CV-714

(RBW) (dkt no. 12) (denying request for preservation order in Guantanamo Bay Case, holding "'a motion to preserve evidence is an injunctive remedy and should only issue upon an adequate showing that equitable relief is warranted'")(citing Madden v. Wyeth, No. 3-03-CV-0167-R, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003)); Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., Civ. No. 3-94-784, 1995 WL 783610, at *3-*4 (D. Minn. Oct. 20, 1995); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966)).  Other courts have used a modified, multi-factor analysis for the issuance of preservation orders.  See Capricorn Power Co. v. Siemens Westinghouse Power, 220 F.R.D. 429, 433-434 (W.D. Pa. 2004) (focusing on "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved").  Pueblo of Laguna espouses a two-factor test – an order must be necessary and not unduly burdensome or overbroad – but that test has been criticized as lacking "adequate precision" and "sufficient depth of analysis."  See Capricorn Power, 220 F.R.D. at 434 n.2.

Even under the test espoused by Pueblo of Laguna for determining when a preservation order is proper, however, a preservation order is not appropriate.  Due to the "very potency" of the inherent power of a court to issue preservation orders and the fact that the Supreme Court has "cautioned 'inherent powers must be exercised with restraint and discretion,'" the Pueblo of Laguna court held that a party seeking a preservation order must demonstrate that the preservation order is both necessary and not unduly burdensome.  Pueblo of Laguna 60 Fed. Cl.

at 138 (citing Chambers v. NASCO, 501 U.S. 32, 44 (1991)). Petitioners have made neither showing.

First, petitioners have made no showing that a preservation order is actually necessary, that is, that absent an order a significant risk exists that evidence will be destroyed. See Pueblo of Laguna 60 Fed. Cl. at 138. As argued previously in Guantanamo detainee cases in this Court, there is no evidence of document destruction and respondents have numerous independent reasons for ensuring the preservation of the documents in question. See El-Banna v. Bush, No. 04-CV-1144 (RWR) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for Preserv. Order, filed January 12, 2005, at pp. 23-24 (dkt no. 111); Al-Marri v. Bush, No. 04-CV-2035 (GK) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for Preserv. Order (dkt no. 14); Battayav v. Bush, No. 05-CV-714 (RBW) Resp. Reply Memo. in Support of Mot. to Stay Proceedings Pending Related Appeals and for Continued Coordination (dkt no. 11). The types of documents sought to be protected could relate to pending or developing investigations that the government has initiated into possible misconduct in regard to mistreatment of detainees. Such investigations have served, and will continue to serve, as the basis for prosecutions or other corrective action wherever appropriate.[1] Respondents would not compromise those investigations or prosecutions by destroying or sanctioning the destruction of documents pertinent to such investigations. Furthermore, the ongoing detention and intelligence-gathering mission of the military at Guantanamo Bay should dispel any notion that respondents would destroy documents related to that mission.

---

[1] Examples of such investigations and corrective actions or punishments taken are available at http://www.defenselink.mil/news/detainee_investigations.html; Military to Investigate FBI Prison Abuse Charges, N.Y. Times (Jan. 5, 2005).

In addition, despite petitioners' attempt to minimize this fact, respondents <u>are</u> well aware of their obligation not to destroy evidence that may be relevant in pending litigation, and this is an important fact recognized by case law. Administrative agencies are entitled to a presumption "that they will act properly and according to law." <u>See</u>, <u>e.g.</u>, <u>Federal Communications Comm'n v. Schreiber</u>, 381 U.S. 279, 296 (1965). Even in a case involving private parties, "[t]o supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists." <u>Hester v. Bayer Corp</u>, 206 F.R.D. 683, 685 (M.D. Ala. 2001); <u>see</u> also <u>Pepsi-Cola Bottling Co. of Olean v.Cargill, Inc.</u>, No. 3-94-784, 1995 WL 783610, at *3 (D. Minn. Oct. 20, 1995) ("To further embellish the grave importance of document preservation, through administratively demanding mechanism, seems inordinate, at best.").[2]

Petitioners cite to the entry of preservation orders in other cases before this Court as justification for entry of such an order in this case. <u>See</u> Pets' Mem. at 1-2. However, the orders in several of those cases did not hold that petitioners made a showing that such equitable relief was warranted; they did not make findings that an order was needed or undertake an analysis of whether the requested preservation was overbroad. <u>See</u>, <u>e.g.</u> <u>Abdah v. Bush</u>, No. 04-1254 (HHK) (June 10, 2005); <u>Al-Adahi, v. Bush</u>, No. 05-280 (GK) (Apr. 28, 2005); <u>Al-Marri v. Bush</u>, No. 04-2035 (GK) (Mar. 7, 2005). Those orders were entered simply on the basis that there appeared to be no harm to respondents in requiring the preservation of documents. <u>Id.</u> They do not reflect

---

[2] In addition, a preservation order is further unnecessary because Judge Kessler has already entered an order to "preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." <u>Al-Marri v. Bush</u>, No. 04-CV-2035 (GK), Order (dkt. no. 25) (Mar. 7, 2005).

an appropriate analysis of the issue, even under Pueblo of Laguna.

The only support petitioners muster for their conspiracy theory that respondents have a propensity to destroy evidence is a document they claim "document[s] efforts by the military to 'cover up' evidence of the physical abuse of detainees." Petrs' Mot. at 3 (citing Petrs' Ex. A). Petitioners also cite to a New York Times article regarding the death of two prisoners in U.S. custody. Pets' Mot. Ex. B. However, both exhibits relate to allegations of abuse of detainees in Iraq and Afghanistan, and do not concern the subject matter of this case, which solely involves detentions at Guantanamo. See Petrs' Mot., Ex. A and B. In any event, the New York Times article hardly provides sufficient evidence of widespread document destruction necessary to justify a preservation order. The article contains a single brief, and very vague reference that documents disappeared, not that they were intentionally destroyed by respondents, and contains no specifics on that point. See Pets' Mot. Ex. B, at 1-2. The thrust of the article is that while the investigation got off to a slow start, it ultimately was successful in identifying various culpable parties. Furthermore, while the Petitioners Exhibit A makes reference to "cover-up efforts," when a "cover-up" is discussed in a report to the Director of the FBI, see Petrs' Mot., Ex. A, it is a fairly good sign that whoever may have sought to perpetrate the "cover-up" did not get very far in that effort. These documents provide no basis whatsoever for suspecting an impending campaign to destroy documents relating to Guantanamo, especially with respect to the wide range of documents sought to be covered in petitioners' proposed preservation order.

Given that petitioners cannot prove a preservation order is necessary, petitioners' motion should be denied on that ground alone. However, even if petitioners could somehow demonstrate that a preservation order is necessary, they cannot satisfy the second prong of the

Pueblo of Laguna test requiring that a party seeking the preservation order demonstrate that such an order is not unduly burdensome and that the "particular steps adopted will be effective, but not overbroad . . . ." Pueblo of Laguna 60 Fed. Cl. at 138. The requested preservation order suffers from significant overbreadth and may pose substantial burdens and responsibilities on respondents far exceeding what might otherwise be permissible in traditional discovery. Petitioners ask the Court to order the preservation of "all evidence, documents and information regarding the Petitioners now being held in military custody at Guantanamo Bay as well as all evidence, documents, and information relating to any other detainees related to or involved in Petitioners' case." See Pets' Proposed Order. Such an order is overbroad and potentially burdensome to the extent it goes beyond what might otherwise be permissible with respect to any discovery that might ever be appropriate in a habeas case. See Harris v. Nelson, 394 U.S. 296, 300 (1969) (discovery available in habeas cases only in narrow circumstances and upon showing of good cause). Petitioners' proposal, improperly, and without good cause, would put respondents in the position of having to take action with respect to a wide range of documents without having the opportunity to utilize the process of objection and litigation available in the discovery context to fine tune or challenge discovery requested based on, for example, overbreadth, relevance, or burden.

      Petitioners cite the order in El-Banna, et al. v. Bush, 04-CV-1144 (RWR) (Dkt. no. 36) as justification for a preservation order in the present case; however, some of the reasoning in that opinion is flawed. In El-Banna, the Court noted that overbreadth, relevance and burden are not significant hurdles to a preservation order because respondents will have an opportunity to object or litigate future discovery requests. See El-Banna, Dkt. no. 36, nt. 4. What this fails to

appreciate is that respondents are responsible <u>now</u> for preserving information that falls well beyond the bounds of what would be appropriate even if discovery were ever permitted in these habeas cases. Respondents are being forced to take preservation actions on a much broader universe of documents, creating a substantial burden. The burden and overbreadth of the preservation orders is exactly what the second prong of the <u>Pueblo of Laguna</u> test is meant to prevent.

For the foregoing reasons, petitioners cannot satisfy either prong of even the <u>Pueblo of Laguna</u> test; <u>a</u> <u>fortiori</u> petitioners cannot demonstrate the four requirements for issuance of an injunction with respect to document preservation. The motion for preservation order, therefore, should be denied.

## **CONCLUSION**

For the reasons stated, respondents respectfully request that petitioners' motion for preservation order be denied.

Dated:  December 2, 2005               Respectfully submitted,

                                       PETER D. KEISLER
                                       Assistant Attorney General

                                       KENNETH L. WAINSTEIN
                                       United States Attorney

                                       DOUGLAS N. LETTER
                                       Terrorism Litigation Counsel

    /s/ James J. Schwartz
-------------------------------
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents