IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH, by and through his next friend, SALIH MUHAMMAD AL-BAHOOTH, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, <br><br> Respondents. | ) ) ) ) ) ) ) ) No.  1:05 CV 01666 (ESH) ) ) ) ) ) ) |

**PETITIONER'S REPLY IN SUPPORT OF MOTION
FOR ORDER REQUIRING RESPONDENTS TO PROVIDE THE
COURT AND COUNSEL FOR PETITIONER WITH 30 DAYS' ADVANCE
<u>NOTICE OF ANY REMOVAL OF PETITIONER FROM GUANTÁNAMO</u>**

Petitioner Ziyad bin Salih bin Muhammad Al-Bahooth respectfully seeks an order requiring Respondents to provide the Court and counsel for Petitioner with advance notice of any removal of Petitioner from Guantánamo Bay Naval Base in Cuba.  As set forth in Petitioner's motion and memorandum in support, the same relief has been granted by six judges in 25 other Guantánamo detainee cases pending in this District, including this Court in two cases.

Respondents have transferred at least 76 detainees from Guantánamo to foreign countries for continued detention, including at least 4 detainees who were immediately imprisoned by the Saudi Arabian government.  Resp. Br. at 4 n. 4; Waxman Decl. ¶ 4.  The Department of Defense transferred these detainees to Saudi Arabian custody even though "official State Department reports . . . on human rights conditions" warn of "credible reports that the [Saudi] authorities abused detainees[.]"  Prosper Decl. at 5 n.1; *see* Pet. Br. at 4-5 (quoting State Dept. Human Rights Reports).  Respondents have announced that they intend to transfer other detainees, but

they have refused to identify these transferees or to state whether they intend to transfer Petitioner to Saudi Arabia or some other foreign government. Petitioner requests advance notice to enable counsel to contest any such removal from Guantánamo and to preserve the jurisdiction of the Court in this matter.

In two cases on this issue, this Court has ordered Respondents under the All Writs Act to provide advance notice of any intended transfer of detainees, unless Respondents have "reached a diplomatic understanding with the transferee country that a petitioner's transfer from Guantánamo is for release only." *Kurnaz v. Bush* and *Ameziane v. Bush*, 2005 U.S. Dist. LEXIS 6560, at *9 (Apr. 12, 2005). In both of those cases, Respondents filed an opposition that included (in some cases by reference to their opposition in other cases) substantially the same arguments Respondents re-assert now.[1] Because this Court correctly rejected Respondents' arguments then, Petitioner will not burden the Court by re-hashing them again now.

Respondents merely acknowledge this Court's decision in *Kurnaz* and *Ameziane* in a footnote in their opposition here, but they do not advance any new arguments to disturb this Court's previous rulings on this issue. To the extent Respondents attempt to bolster their previous arguments, they are herein addressed briefly.[2]

First, Respondents argue that a preliminary injunction is not warranted because such relief is "extraordinary." Resp. Br. at 8. However, pursuant to the All Writs Act, this Court

---

[1] For example, compare Respondents' argument on the Rule of Non-Inquiry in their opposition brief in this matter at pp. 15-19 with Respondents' argument on the same issue in their consolidated opposition in *Ameziane,* on March 21, 2005, at pp. 17-21 (which was included by reference in their March 31, 2005 filing in *Kurnaz*).

[2] Many of Respondents' arguments are based on a purported lack of credible evidence regarding Petitioner's possible transfer. If anything, such a lack of evidence should be held against Respondents, who have resisted providing any information on this subject. Indeed, Respondents have opposed Petitioner's attempt to obtain a factual return.

2

CHICAGO_1344031_3

required advance notice of transfer unless the Respondents had not reached a diplomatic understanding with the transferee country that a detainee's transfer from Guantánamo would be for release only. *Kurnaz*, 2005 U.S. Dist. LEXIS 6560, at \*6. Respondents do not address the All Writs Act in their opposition, and they make only fleeting reference in a footnote to Petitioner's request for advance notice as a condition of the stay requested by Respondents. Pet. Br. at 9 n.6 and 11-13.

Even if preliminary injunctive relief were the only basis for the relief Petitioner seeks – and it is not – that relief would be warranted here. Respondents selectively quote judicial opinions for the proposition that preliminary injunctions are "extraordinary," Resp. Br. at 8, but they fail to acknowledge the extraordinary facts of this case. In an *ordinary* case, a plaintiff has not been held incommunicado by a defendant, is not wholly at the defendant's mercy, and is not at risk of being shipped off to a foreign detention center outside of the Court's jurisdiction. In an *ordinary* case, a plaintiff has the opportunity to present his own testimony, and the defendant does not have the power unilaterally to deprive the plaintiff of that right. In an *ordinary* case involving a request for habeas relief, there have typically been extensive prior legal proceedings subject to full judicial review, and no discovery may therefore be necessary. None of these "ordinary" facts exist here.

Second, Respondents argue strenuously that there would be no irreparable harm from mooting a habeas claim by relinquishing Petitioner to another country. Resp. Br. at 9-11. Respondents asserted this argument in *Kurnaz* and *Ameziane*, but this time Respondents highlight two more recent decisions from other Judges of this District for support. These cases change nothing. Respondents cite *Almurbati v. Bush*, 366 F. Supp. 2d 72, 78 (D.D.C. Apr. 12, 2005) and *Al-Anazi*, 370 F. Supp. 2d 188, 198 (D.D.C. Apr. 21, 2005), for the proposition that

3

the objective of a habeas petition is release from custody. Although *Almurbati* contains this point, Judge Walton in *Almurbati* nevertheless required Respondents to submit a declaration to the court "advising it of any transfers and certifying that any such transfers or repatriations were not made for the purpose of merely continuing the petitioners' detention on behalf of the United States or for the purpose of extinguishing this Court's jurisdiction over the petitioners' actions for habeas relief for a reason unrelated to the decision that the petitioners' detention is no longer warranted by the United States." *Almurbati*, 366 F. Supp. 2d at 30-31. Like the detainees in *Almurbati* and *Al-Anazi*, Petitioner does ultimately seek release from custody, but that is not the same as trading one detention cell for another. As this Court already noted, if Petitioner were transferred from United States custody to that of a foreign nation, for continued detention at the request of the United States or as a witness in some other investigation, the Court could lose its jurisdiction but "serious concerns" would remain about the legality of Petitioner's detention. *Kurnaz*, 2005 U.S. Dist. LEXIS 6560, at *6-7; *see also Al-Joudi v. Bush,* 2005 U.S. Dist. LEXIS 6265, at *14 (D.D.C. Apr. 4, 2005); *Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4942, at *13 (D.D.C. Mar. 29, 2005).

In addition, Respondents argue that Petitioner's irreparable harm is purely speculative and contrary to sworn declarations of U.S. government officials denying that petitioner would be transferred to a country where he would be tortured. Resp. Br. at 9-11. This Court rejected the same argument in *Kurnaz*. Yet Respondents re-argue the point, now citing *Almurbati* and *Al-Anazi* for support. Resp. Br. at 12. But the arguments highlighted in those cases – Respondents' reliance on their own sworn declarations and the petitioners' reliance on news articles that did not involve the transfer of Guantánamo detainees – were already presented and rejected by this Court in *Kurnaz*. And unlike in those cases, Petitioner here relies on admissions by

4

CHICAGO_1344031_3

Respondents, official State Department reports, and an Amnesty International report on detainees transferred from Guantánamo to a Saudi prison.

Indeed, other Judges of this District have rejected Respondents' reliance on declarations virtually identical to those submitted here. Judge Kessler in *Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265, at *12, found that although the Respondents presented declarations that attempted to mitigate the concerns of torture and indefinite confinement in a foreign country, "they neither refute Petitioners' claims nor render them frivolous." *Id.* at *12. Judge Kessler also observed that the Respondents were unable to "provide any details about the type or form of 'assurances' given, the scope of monitoring that takes place after transfer, or the consequences of noncompliance." 2005 U.S. Dist. LEXIS 6265, at *13. Judge Richard Roberts noted that detainees' concern about transfer to another country with a history of torturing prisoners is not merely "fanciful." *El-Banna v. Bush*, No. 04-1144, at 4 (D.D.C. Apr. 8, 2005). The same is true in this case. Pet. Br. at 3-4.[3]

Third, Respondents argue that Petitioner cannot show a likelihood of success because this Court has no power to prevent Respondents from transferring Petitioner to a foreign country. Resp. Br. at 12-13. "Respondents are wrong however, in arguing that . . . there is no legal basis for judicial involvement in transfer or repatriation decisions regarding Petitioners." *Abdah*, 2005 U.S. Dist. LEXIS 4942, at *15. This argument was also presented to this Court in *Kurnaz*, and Respondents attempt to rehash the argument by citing *Almurbati* and *Al-Anazi*. However, those cases do not resolve this Court's concern that the government is asserting an unfettered right to transfer Petitioner to a country whose laws he has never violated, for example. As this Court

---

[3] Respondents also discuss the Administrative Review Board process, including alleged invitations to counsel to make written submissions about their client's detention and possible transfer. Resp. Br. at 3-4. Respondents have made no such invitation in this case, however, nor have they disclosed to Petitioner's counsel the results of any review.

5

held in *Kurnaz*, under such situations, "closer scrutiny of the transfer might well be appropriate in order to preserve the petitioner's right to obtain review of the legality of his detention." *Kurnaz*, 2005 U.S. Dist. LEXIS 6560, at *7.

Under the All Writs Act, this Court in *Kurnaz* and *Ameziane* ordered the limited remedy of advance notice unless the respondents had reached a diplomatic understanding with the transferee country that a petitioner's transfer from Guantánamo would be for release only. Notwithstanding Respondents' objections, this relief is equally appropriate in this case. *See also Al-Joudi v. Bush*, 2005 U.S. Dist. LEXIS 6265 (Apr. 4, 2005) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) ("An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant.")).

## CONCLUSION

For the reasons set forth in this Court's prior opinions in *Kurnaz* and *Ameziane*, and for the reasons set forth above and in Petitioner's motion and memorandum in support, this Court should condition the stay requested by Respondents on an Order requiring the Government to provide both the Court and counsel for Petitioner with 30 days' notice prior to any removal of Petitioner from Guantánamo.

Respectfully submitted,

\_\_\_/s/ Daniel Mach_____     Dated:  December 6, 2005
One of the Attorneys for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C.  20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |

JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
Tel: (312) 923-9350
Fax: (312) 527-0484

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Reply Brief in Support of the Motion for an Order Requiring Respondents to Provide the Court and Counsel for Petitioners with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo was served upon the following person by e-mail on the 6th day of December and First Class U.S. Mail on the 7th day of December, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

        _____/s/ Daniel Mach_____
             Daniel Mach