IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH, by and through his next friend, SALIH MUHAMMAD AL-BAHOOTH, )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, )<br><br>Respondents. ) | No. 1:05 CV 01666 (ESH) |

### REPLY IN SUPPORT OF PETITIONER'S
### MOTION FOR PRESERVATION ORDER

Petitioner Ziyad Bin Salih Bin Muhammad Al-Bahooth ("Petitioner") requests this Court to order the Respondents to preserve and maintain all evidence relating to Petitioner's *habeas corpus* claims. As noted in Petitioner's motion and memorandum in support, the relief requested here has been granted in ten other Guantánamo detainee cases. *See Al-Adahi, v. Bush*, No. 05-280 (GK) (April 28, 2005); *Al-Marri v. Bush*, No. 04-2035 (GK) (March 7, 2005); *Ahmed v. Bush*, No. 05-1678 (GK) (November 16, 2005); *Abdah v. Bush*, No. 04-1254 (HHK) (June 10, 2005); *Al-Shiry v. Bush*, No. 05-0490 (PLF) (March 25, 2005); *Anam v. Bush*, No. 04-1194 (HHK) (June 10, 2005); July 18, 2005 Order in *Slahi v. Bush*, No. 05-881 (RWR) (July 18, 2005), *Chaman v. Bush*, No. 05-887 (RWR), *Abdulhazer v. Bush*, No. 05-1236 (RWR), and *Hohmmadi v. Bush*, No. 05-1246 (RWR). In five other cases, the request for a preservation order was deemed moot because Respondents had already been ordered to preserve documents relating to all Guantánamo detainees. *Al-Anazi v. Bush*, No. 05-345 (JDB) (Oct. 28, 2005); *O.K. v. Bush*, No. 04-1136 (JDB) (Oct. 27, 2005); and the July 18, 2005 Order in *El-Banna v. Bush*, No. 04-1144 (RWR), *Abdullah v. Bush*, No. 05-23 (RWR), and *Al Rashaidan v. Bush*, No. 05-586

(RWR). Only one decision denied a preservation motion outright, and even that decision relied on the existence of prior orders requiring Respondents to preserve evidence. *Battayav v. Bush*, No. 05-714 (RBW) (May 5, 2005).

Petitioner demonstrated in his motion and supporting memorandum that a preservation order here is both necessary and not burdensome. Paradoxically, Respondents argue that a preservation order (a) is unnecessary here because Respondents already intend to honor their existing obligations to preserve evidence, yet (b) would impose an undue burden on Respondents. Resp. Br. at 4-6. Respondents cannot have it both ways. If Respondents are already obliged to preserve the evidence relating to Petitioner's claims – and they are – then a preservation order imposes no additional burden whatsoever. *See Al-Marri*, No. 04-2035 (Mar. 7, 2005).

Besides being internally inconsistent, Respondents' arguments are contradicted by their own conduct in this and other detainee cases. Although Respondents now point to the ruling in *Al-Marri* as evidence that the requested relief would be superfluous (Resp. Br. at 4 n.2), Respondents recently argued that the preservation order in *Al-Marri* was not binding on them in other cases. *Ahmed v. Bush*, No. 05-1678 (GK), Resp. Opp. to Pets.' Motion for Preservation Order at 2 (Nov. 2, 2005). And although Respondents seem to acknowledge their duty to preserve evidence relating to pending litigation (Resp. Br. at 4), Respondents refused to assure Petitioner's counsel that they would preserve evidence, thereby forcing Petitioner to bring this motion. *See* Exhibit A, E-mail correspondence in which Respondents' counsel declined to provide Petitioner's counsel with "assurance that the relevant documents, etc. are being preserved." Respondents' recent conduct is hopelessly at odds with their duty to preserve evidence.

Preservation of evidence is particularly important in this case because, unlike the typical *habeas* proceeding, Respondents have exclusive control over virtually all relevant evidence. *See Anam*, No. 04-1194 (June 10, 2005). Despite Respondents' attempt to minimize the significance of their past failures to preserve evidence, Petitioner has a reasonable concern that the evidence pertaining to his case will not be preserved. The Sacramento Division of the FBI reported that certain persons, whose identities were redacted, "were engaged in a cover-up of these abuses [of Iraqi prisoners]." Pet. Br. Ex. A. The report went on to detail in approximately four typewritten but redacted lines the methods used to cover up these abuses. *Id.* The New York Times reported that evidence of abuse of Afghan prisoners by U.S. military authorities had mysteriously disappeared, including "[c]omputer records and written logs that were supposed to record treatment of the detainees." Pet. Br. Ex. B at 3. In addition, "senior military intelligence officers . . . failed to file reports that are mandatory when any intelligence personnel are suspected of . . . mistreatment of detainees." *Id.* at 1.

Whether or not these incidents involve any "conspiracy" or "campaign to destroy documents" (Resp. Br. at 5), these incidents and Respondents' own refusal to provide assurances to Petitioner cast doubt on Respondents' voluntary compliance with their duty to preserve evidence. As Judge Kennedy noted, because counsel's access to the detainees is "quite restricted," and because "all the documents relevant to the adjudication of petitioners' claims . . . are in the sole custody and control of respondents," it is "almost inconceivable . . . that petitioners could identify specific instances of document destruction." *Abdah*, No. 04-1254 (June 10, 2005).

Respondents also argue that the "weight of authority" supports their position that a preservation order must meet the rigors of a preliminary injunction standard. Resp. Br. at 1. On

the contrary, as discussed above, the weight of authority is consistent with the ruling in *Al-Marri* that Guantánamo detainees "need not meet such a standard when seeking a preservation order." No. 04-2035 (Mar. 7, 2005). Indeed, requiring Petitioner to demonstrate a likelihood of success on the merits, even though Respondents control the evidence that would be required for such a showing, would indeed "put the cart before the horse." *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 n.8 (2004).

Respondents claim that the preservation orders granted in *Abdah, Al-Adahi* and *Al-Marri* were improper because they lacked specific findings that the orders were needed and not overbroad. Resp. Br. at 4 (citing *Abdah*, No. 04-1254 (June 10, 2005); *Al-Marri*, No. 04-2035 (Mar. 7, 2005); *Al-Adahi*, No. 05-280 (Apr. 28, 2005)). Respondents do not cite any authority for the proposition that specific findings are required for an evidence preservation order. In any event, in *Ahmed*, Judge Kessler reviewed the same FBI report produced in Petitioner's case and found that "there is legitimate concern that Respondents will not retain relevant, yet sensitive, evidence it now possesses about the detention, interrogations, torture, treatment, and abuse of Petitioner and other similarly-situated detainees now at Guantánamo." No. 05-1678 (Oct. 18, 2005). Without a preservation order, Petitioner may lose the very evidence that will vindicate his claims.

## CONCLUSION

For the reasons stated above and in his motion and supporting memorandum, Petitioner respectfully requests that his motion for a preservation order be granted.

4

Dated: December 9, 2005

Respectfully submitted,

     /s/ Daniel Mach
One of the Attorneys for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C. 20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL 60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Reply in Support of Petitioner's Motion for a Preservation Order was served upon the following person by e-mail and by First Class U.S. Mail on the 9th day of December, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

           _____/s/ Daniel Mach_____