UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH, *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) Civ. Action No. 05-1666 (ESH) ) ) |
| GEORGE W. BUSH, *et al.*, | ) ) |
| Respondents. | ) ) ) |

**ORDER**

Petitioner Ziyad bin Salih bin Muhammad Al-Bahooth, a citizen of Saudi Arabia, has been detained at the United States Naval Station, Guantánamo Bay, Cuba, for approximately four years. (*See* Pets.' Mem. in Supp. of Mot. for Notice of Removal at 2.) Before the Court are respondents' Motion to Stay Proceedings Pending Related Appeals, petitioners' Motion for Order to Show Cause, petitioners' Motion for Order Requiring Respondents to Provide the Court and Counsel for Petitioner with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo, and petitioners' Motion for Preservation Order. In their Limited Opposition to Respondents' Motion to Stay Proceedings, petitioners also request that the Court enter the Amended Protective Order issued by Judge Joyce Hens Green in *In re Guantanamo Bay Cases*, No. 02-cv-0299 *et al.*, along with two supplementary orders.

Consistent with its prior rulings on these matters, the Court grants respondents' Motion to Stay Proceedings Pending Related Appeals, as well as petitioners' Motion for an Order to Show

Cause, Motion for an Order Requiring Respondents to Provide the Court and Counsel for Petitioner with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo, and request for entry of the *In re Guantanamo Bay Cases* orders. *See*, *e.g.*, *Kurnaz v. Bush*, No. 04-cv-1135 (D.D.C. April 12, 2005). As to petitioners' Motion for Preservation Order, the Court denies it as moot to the extent that it seeks the preservation and maintenance of all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantánamo Bay detention facility. Respondents already have such a duty pursuant to orders issued in *Al-Marri v. Bush*, No. 04-cv-2035 (D.D.C. Mar. 7, 2005) (ordering that "[r]espondents shall preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility"), *Anam v. Bush*, No. 04-cv-1194 (D.D.C. June 10, 2005) (ordering that "respondents shall preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the United States Naval Base at Guantánamo Bay, Cuba"), and *Abdah v. Bush*, No. 04-cv-1254 (D.D.C. June 10, 2005) (same). *See Al-Anazi v. Bush*, No. 05-cv-0345 (D.D.C. Oct. 28, 2005) (denying as moot petitioners' motion for a preservation order because "respondents have a pre-existing duty to preserve the very information that th[e] motion address[ed]" under *Al-Marri*, *Anam* and *Abdah*); *El-Banna v. Bush*, No. 04-cv-1144 (D.D.C. July 18, 2005) (denying as moot petitioners' motion for preservation to the extent that it sought "evidence, documents, and information regarding the torture, mistreatment and/or abuse of detainees held at the Guantánamo Bay detention facility" due to the previous orders in *Al-Marri* and *Abdah*). The Court grants petitioners' Motion for Preservation Order in all other respects. Contrary to the argument of respondents, "'a document preservation order is no more an injunction than an order requiring a

party to identify witnesses or to produce documents in discovery.'" *Al-Marri v. Bush*, No. 04-cv-2035 (D.D.C. Mar. 7, 2005) (quoting *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 n.8 (Fed. Cl. 2004)); *see also Abdah v. Bush*, No. 04-cv-1254 (D.D.C. Jun. 10, 2005). Because the requested preservation is both necessary to the fairness of Al-Bahooth's hearing and not unduly burdensome -- all or nearly all of the evidence relevant to the resolution of petitioners' claims lies in the custody of respondents, who have already acknowledged their intent to maintain the evidence for other purposes -- the Court orders respondents to preserve and maintain all evidence, documents, and information regarding Al-Bahooth and any other detainees related to or involved in Al-Bahooth's case. *See id.*; *Al-Shihry v. Bush*, No. 05-cv-0490 (D.D.C. Mar. 23, 2005); *El-Banna v. Bush*, No. 04-cv-1144 (D.D.C. Jul. 18, 2005); *see also Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("At any time [during habeas] proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly 'dispose of the matter as law and justice require,' either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development . . . of the facts relevant to the claims advanced by the parties, as may be 'necessary or appropriate in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law.'") (quoting 28 U.S.C. §§ 1651(a), 2243).

Upon consideration of the arguments of the parties, it is hereby

**ORDERED** that respondents' Motion to Stay [#3] is **GRANTED** and that the above-captioned case is **STAYED** pending resolution of all appeals in *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005), and *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). This stay shall not, however, bar the filing or disposition of any motion for emergency relief.

It is **FURTHER ORDERED** that petitioners' Motion for Preservation Order [#5] is **DENIED IN PART AS MOOT** insofar as it seeks the preservation and maintenance of all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantánamo Bay detention facility. Petitioners' Motion for Preservation Order is otherwise **GRANTED IN PART** and respondents are accordingly **ORDERED** to preserve and maintain all evidence, documents, and information regarding Al-Bahooth, as well as all evidence, documents, and information relating to any other detainees related to or involved in Al-Bahooth's case.

It is **FURTHER ORDERED** that petitioners' Motion for an Order to Show Cause [#7] is **GRANTED** and accordingly, to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal, respondents shall provide a factual return to the Court and to petitioners' counsel within ninety (90) days of the date of this Order.

It is **FURTHER ORDERED** that petitioners' Motion for Order Requiring Respondents to Provide the Court and Counsel for Petitioner with 30 Days' Advance Notice of any Removal of Petitioner from Guantánamo [#10] is **GRANTED** and, where respondents do not have an understanding with the receiving country that a transfer from Guantánamo Bay, Cuba is for purposes of release only, respondents shall provide petitioners' counsel with thirty (30) days advance notice of the transfer, including the proposed destination and conditions of transfer. *See Kurnaz v. Bush*, No. 05-cv-0392 (D.D.C. Apr. 12, 2005).

It is **FURTHER ORDERED** that the Court **ENTERS** by way of reference the November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, the November 10, 2004 Order Addressing Designation Procedures for "Protected Information," and the December 13, 2004 Order

Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, each issued by Judge Joyce Hens Green in *In re Guantanamo Bay Detainee Cases*, No. 02-cv-0299, *et al*.

        s/        
ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 20, 2005