IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH, *et al.*,<br><br>　　　　Petitioners,<br><br>　v.<br><br>GEORGE W. BUSH,<br>　　President of the United States,<br>　　*et al.*,<br><br>　　　　Respondents. | Civil Action No. 05-CV-1666 (ESH) |

## RESPONDENTS' MOTION TO STAY PRODUCTION OF FACTUAL RETURN

COME NOW Respondents, by and through their undersigned counsel, and respectfully request that the Court stay its order requiring respondents to produce a factual return pertaining to petitioner pending resolution of the effect of the Detainee Treatment Act of 2005 on this case. Counsel for petitioner and respondents have conferred, and petitioner's counsel opposes the relief requested herein. As grounds for this motion, respondents state as follows:

　　1.　　This case is a petition for a writ of habeas corpus filed on behalf of an alien detained at Guantanamo Bay as an enemy combatant, and is one of approximately 200 such cases brought on behalf of individuals detained at Guantanamo Bay in connection with hostilities involving al Qaeda, the Taliban, and their supporters.

　　2.　　On December 20, 2005, the Court issued an Order which, inter alia, ordered respondents to "provide a factual return to the Court and to petitioner's counsel within ninety (90) days of the date of this Order," i.e., on or before March 20, 2006. See December 20, 2005 Order (dkt. no. 20) at 4.

3.     On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.[1] Our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo detainee habeas cases.

4.     In light of this, and given the new, statutory withdrawal of the Court's jurisdiction, respondents respectfully request the Court stay its order requiring production of a factual return in this case until the effect of the Act on this case is resolved.[2]

---

[1] On January 27, 2006, the D.C. Circuit issued a revised supplemental briefing schedule, with an initial brief by respondents due on February 17, 2006, an opposition by petitioners due on March 10, 2006, and respondents' reply due on March 17, 2006. Oral argument is scheduled for March 22, 2006.

[2] Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to require relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

5.	Two other Judges of the Court have recently entered orders in the Guantanamo detainee habeas cases before them denying without prejudice all previously pending motions and staying "all action" in the cases "pending the jurisdictional ruling of the District of Columbia Circuit."  See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.  This Court likewise should stay the currently required production of a factual return in this case pending resolution of the effect of the Act on the case.

WHEREFORE, for the reasons stated herein, respondents respectfully request that the Court stay its order requiring respondents to produce a factual return pertaining to petitioner until the effect of the Detainee Treatment Act of 2005 on this case is resolved.  A proposed order is attached.

Dated: February 6, 2006                                   Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE

MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents