*Approved for Public Filing by CSO*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZIYAD BIN SALIH BIN MUHAMMAD AL-BAHOOTH,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**GEORGE W. BUSH,** *et al.,* )<br>)<br>Respondents. ) | **Civil Action No. 05-CV-1666 (ESH) (JR)** |

## PETITIONER'S RESPONSE TO RESPONDENTS' SUPPLEMENTAL MEMORANDUM CORRECTING JULY 7, 2006 MOTION

More than a month ago, Respondents informed this Court and all petitioners that the NCIS had reviewed and sorted the attorney-client materials of only eleven prisoners. Now, Respondents correct their prior statements and disclose that they sorted through the materials of approximately 155 prisoners. Respondents' Supplemental Memorandum purports to correct errors in Respondents' July 7 motion and their July 28 reply. Yet the Supplemental Memorandum fails to correct pervasive defects in Respondents' reply.

Rather than replying to the response memorandum filed by this Petitioner on July 20, 2006, Respondents on July 28 broadly accused Petitioner of making a "histrionic tirade" that is "offensive and insulting" and "based on assertions that are false or misleading." (Resp. Rep. at 2.) Respondents also accused Petitioner of advancing a "conspiracy" theory that the three deaths were not suicides and were unrelated to one another. (*Id.* at 12.) A cursory review of Petitioner's response to the motion reveals that Respondents' attacks are completely without foundation. (*See* Pet. Opp., Dkt. No. 33.) Petitioner made no "histrionic tirade" and advanced no conspiracy theories. Although the Supplemental Memorandum corrects certain factual errors

CHICAGO_1429533_1

in Respondents' own prior filings, Respondents have failed to correct their gross mischaracterization of Petitioner's position.

In addition to replying to arguments that Petitioner never made, Respondents' July 28 reply also failed to respond to the arguments that Petitioner did make – an omission that the Supplemental Memorandum fails to correct. For example, Petitioner's counsel specifically asserted that Petitioner was not given paper marked attorney-client privilege, that none of the confiscated notes relating to the suicide appeared to be related to Petitioner, and that Respondents failed to assert that Petitioner commingled privileged material with non-privileged material. *See also* Pet. Opp. at 6-7 (containing legal arguments that Respondents ignore).

Respondents claim that there is no need to demonstrate an individualized showing before impounding and reviewing prisoners' materials. (Resp. Rep. at 14.) However, Respondents seem to recognize the impropriety of reviewing these materials without consulting the Court because they characterize the relief sought as their attempt to obtain "an *appropriate* means of screening out privileged materials." (*Id*. at 15, emphasis added.) Unfortunately, despite recognizing the necessity of a court-sanctioned means of reviewing these materials, Respondents did not wait to review the materials of approximately 155 prisoners, as revealed in their Supplemental Memorandum.[1] Respondents have trampled upon the attorney-client privilege of Petitioner by confiscating his attorney-client materials and by possibly reviewing his individual materials.

Petitioner also rejects Respondents' attempt to distinguish from this case a recent ruling

---

[1] Respondents' claim that the sorting process did not involve any reading of the materials contradicts Special Agent Kishtardt's description of the sorting process, which involved scanning materials within envelopes marked attorney-client privileged to search for non-privileged information of evidentiary value. (Declaration of Carol Kisthardt, dated August 11, 2006, at ¶5.)

2

by the District of Columbia Circuit, *United States v. Rayburn House Office Building, Room 2113*, No. 06-3105, 2006 U.S. App. LEXIS 19466 (D.C. Cir. Jul. 28, 2006), which rejected review by a government filter team.  First, contrary to the Respondents' assertion that *Rayburn* did not establish any rule of law, the District of Columbia Circuit's order that the review should be conducted by a judicial officer or court-appointed master acts as binding legal precedent on this Court.  Second, although the Respondents imply that the attorney-client privilege warrants less protection that the constitutional privilege embodied in the Speech and Debate Clause, Respondents fail to offer any authority for this proposition.  Absent such authority and given the honored place that the attorney-client privilege occupies in our legal system, the District of Columbia Circuit's conclusion in *Rayburn* should apply with equal force to this case.  Indeed, the facts here are more egregious than in *Rayburn* because Respondents did not bother to obtain a search warrant before confiscating Petitioner's attorney-client materials.  Lastly, despite Respondents' characterization, nothing in *Rayburn* suggests that its rejection of a government filter team was related in any way to the volume of materials seized.  There is no reason to believe that a judicial officer or court-appointed special master would be any less capable than a filter team of timely reviewing the materials confiscated from the prisoners of Guantánamo Bay.

## CONCLUSION

For these reasons, and the reasons stated in Petitioner's Response To Respondents' Motion For Procedures Related To Review of Certain Detainee Materials, the Court should deny Respondents' motion for procedures to review their confiscated attorney-client materials.

CHICAGO_1429533_1

Respectfully submitted,

/s/ David W. DeBruin
One of the Attorneys for the Petitioners       Dated:  August 18, 2006

| | |
|---|---|
| Thomas P. Sullivan | David W. DeBruin (DDC Bar No. 337626) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| Patricia A. Bronte | 601 Thirteenth Street, N.W., Suite 1200 |
| Maya D. Nath | Washington, D.C.  20005-3823 |
| JENNER & BLOCK LLP | Tel: (202) 639-6000 |
| One IBM Plaza | Fax: (202) 639-6066 |
| Chicago, IL  60611 | |
| Tel: (312) 222-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshanksy (BO3635)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Petitioner's Response To Respondents' Supplemental Memorandum Correcting July 7, 2006 Motion was served upon the following person by electronic filing and e-mail on the 18th day of August, 2006:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

/s/ David W. DeBruin